UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON HARE, **Plaintiff** | CIVIL ACTION |
| VERSUS | No. 13-107 |
| GRAHAM GULF, INC., **Defendant** | SECTION "E" |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by the defendant, Graham Gulf, Inc. ("Graham Gulf").[1] Plaintiff, Jason Hare ("Hare"), opposes Graham Gulf's motion.[2] Graham Gulf filed a reply in support of its motion.[3]

## BACKGROUND AND PROCEDURAL HISTORY

This dispute arises out of injuries allegedly suffered by Hare while he was working as a deck hand for Gulf Graham on its vessel, the M/V GAYLA GRAHAM ("the vessel"), on September 29, 2012. Hare claims he sustained serious, painful and permanent injuries to his head, neck, and lower back after slipping and falling on the deck of the vessel. Hare filed suit against Graham Gulf seeking to recover under the Jones Act for medical expenses, pain and suffering, lost wages and loss of earning capacity. Additionally, Hare prays for maintenance and cure benefits from Graham Gulf until such time he reaches maximum medical cure.[4]

---

[1] R. Doc. 53.

[2] R. Doc. 66.

[3] R. Doc. 81.

[4] R. Doc. 1. Hare also prays for punitive damages, attorneys' fees, and costs in the event Graham Gulf unreasonably or arbitrarily refuses to pay or discontinues to pay maintenance and cure benefits. After a status conference on May 22, 2014, counsel for Hare represented he will not seek punitive damages, costs, and attorneys' fees for any arbitrary or capricious failure to pay maintenance and cure by Graham

1

Graham Gulf moved for summary judgment seeking dismissal of Hare's claim for maintenance and cure, arguing that claim is barred by *McCorpen v. Gulf Central S.S. Corp.* 329 F.2d 547 (5th Cir. 1968). Under *McCorpen,* if an employer establishes a seaman intentionally misrepresented or concealed medical facts before he or she was hired, those non-disclosed facts were material to the employer's hiring decision, and a causal connection exists between the withheld information and the injury complained of in the suit at bar, the seaman forfeits his or her right to maintenance and cure benefits. Graham Gulf asserts Hare intentionally withheld information about an earlier back injury, and that, if Graham Gulf had known of that injury, such injury would have materially affected its decision to hire him. Hare argues the medical records relied upon by Graham Gulf are insufficient to show he had an earlier back injury, and that after he underwent some treatment in 2006 he never had lower back pain until the incident giving rise to this suit.

The bulk of the facts relevant to Graham Gulf's summary judgment motion are not in dispute. Hare applied for employment with Graham Gulf on April 28, 2010. As a part of the application process, Hare completed a Merchant Marine Credential Medical Evaluation Report ("the Report") on April 3, 2010 as well as an OSHA Respirator Medical Evaluation Questionnaire ("the Questionnaire") on May 25, 2010.[5] In both the Report and the Questionnaire, Hare answered "No" when asked whether he ever had a back injury or surgery.[6] Based on the representations Hare made in these evaluations and a pre-employment physical examination, Graham Gulf hired Hare as a deck hand/unlicensed

---

Gulf. Graham Gulf's motion for summary judgment seeking to dismiss Hare's claim for punitive damages, attorneys' fees and costs was denied as MOOT. R. Doc. 94.

[5] R. Doc. 53-2, p. 1 (Affidavit of Michael Luther Griggs).

[6] R. Doc. 53-2, p. 8 (the Report); R. Doc. 53-2, p. 15 (the Questionnaire); R. Doc. 53-2, p. 22 (the Questionnaire).

engineer.[7]

It is also undisputed Hare underwent treatment in November 2006 at Rockwell Family Medical practice for lower back pain stemming from an injury sustained while doing yard work. Hare was diagnosed with "low back pain - muscle spasms."[8] Hare visited Baldwin Bone & Joint for the same injury where he was diagnosed with a "probable herniated nucleus pulposas" in November 2006.[9] Hare also underwent treatment for a wrist injury in 1995. His medical records stemming from the 1995 treatment indicate Hare previously had a "lower back problem" treated two years prior.[10] Finally, the affidavit of Hare's former father-in-law, Lemuel McGlothren, states Hare "always complained about having a bad back" and Hare "sought medical treatment over many years for his low back condition."[11]

Hare does not dispute that he received treatment for his back in 2006 prior to applying for work at Graham Gulf.[12] However, Hare argues his back pain was "completely resolved" after treatment. Hare does not offer any summary judgment evidence to contradict his medical records from 1995, but Hare argues the records from 1995 are too generalized and are insufficient to show a prior back injury under *McCorpen*. With respect to Mr. McGlothren's affidavit, Hare argues Mr. McGlothren's personal motive taints his declaration and his opinion is unsupported by any other evidence.

---

[7] R. Doc. 53-2, p. 1 (Affidavit of Michael Luther Griggs). There is no evidence in the record that Graham Gulf did any testing that could or should have alerted the employer to Hare's previous lower back pain.

[8] R. Doc. 53-2, p. 35.

[9] R. Doc. 53-2, p. 27.

[10] R. Doc. 53-2, p. 33.

[11] R. Doc. 53-2, pp. 23-24.

[12] R. Doc. 66-1, p. 1.

**ANALYSIS**

**I.     Summary Judgment Standard**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 ; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The initial burden of demonstrating the absence of any genuine issues of material fact lies with the party seeking summary judgment. *Celotex*, 477 U.S. at 324.  If the moving party fails to carry this burden, the motion must be denied.  However, if the moving party successfully carries this burden, the burden then shifts to the non-moving party that a genuine issue of material fact exists. *Id*. at 322-23.

Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id*. at 324.  The non-moving party cannot simply rely on allegations or blanket denials of the moving party's pleadings as a means of establishing a genuine issue of material fact, but instead must identify specific facts that establish a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).  "An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).  When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000).  All reasonable inferences are drawn in favor of the nonmoving party. *Little v. Liquid Air*

*Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. Maintenance and Cure and the *McCorpen* Defense

"Generally, an employer must pay maintenance and cure to any seaman who becomes ill or suffers an injury while in the service of the vessel, regardless of whether either party was negligent." *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 301 (5th Cir. 2008) (internal citations omitted). "Maintenance" is the right of a seaman to food and lodging if he or she becomes injured during the course of fulfilling his or her duties to the ship. *See Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir. 1995). "Cure" is the right to necessary medical services. *Id.*

A Jones Act employer is entitled to investigate a seaman's claim for maintenance and cure benefits, and while such benefits may be awarded to a seaman who has suffered from a pre-existing injury, a seaman forfeits his or her right to maintenance and cure when he or she fails to disclose certain medical facts, or misrepresents those facts, when asked about them in an employment application. *See Brown v. Parker Drilling,* 410 F. 3d 166, 170-71 (5th Cir. 2005) (*citing McCorpen v. Central Gulf Steamship Corp.*, 396 F. 2d 547 (5th Cir. 1968), *cert denied*, 393 U.S. 894 (1968)). This defense is commonly known in this Court as the "*McCorpen* defense." An employer will prevail on this defense, absolving the employer of its obligation to an injured seaman, by establishing: (1) the seaman intentionally concealed or misrepresented information concerning a prior condition or injury; (2) the misrepresented or concealed information was material to the employer's decision to hire the seaman; and (3) a causal connection between the non-disclosed injury/condition and an

5

injury/condition complained of in the suit at bar. *McCorpen,* 396 F.2d at 548-49; *see also Johnson,* 544 F.3d at 301. Nevertheless, "[i]f the vessel owner would have employed the seaman even had the requested disclosure been made, concealment will not bar the seaman's recovery of maintenance and cure." *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006). Accordingly, if an employee proves his employer would have hired him if his medical history had been disclosed, the protection of the *McCorpen* defense is not available to the employer.

### III. Application

Graham Gulf, as the moving party, has the burden of proving that there are no material facts in dispute and it is entitled to judgment as a matter of law. Graham Gulf must establish a lack of disputed material facts with respect to each of the three prongs of the *McCorpen* defense. Once Graham Gulf makes that showing, the burden then shifts to Hare to show specific material factual disputes with respect to any one of the prongs. If Hare can establish such a dispute, summary judgment is inappropriate. The Court will address each prong in turn.

#### A. Intentional Concealment

The first prong of the *McCorpen* defense - the "intentional concealment" prong - is "an essentially objective inquiry," and does not require a finding of subjective intent to conceal or misrepresent on the part of the seaman. *Brown*, 410 F.3d at 174. "*McCorpen*'s intentional concealment prong neither necessarily turns on credibility nor requires a subjective determination." *Id.* at 175. Gulf Graham points to Hare's 2006 medical records, 1995 medical records, and Mr. McGlothren's affidavit to show Hare had a previous back injury and received treatment for his back. Hare did not disclose any injury or treatment in the Report or the Questionnaire or during his pre-employment physical. Objectively, Hare's

6

failure to disclose his prior back injury was an intentional misrepresentation. *See Brown,* 410 F. 3d at 170-71; *Jauch*, 470 F.3d at 212-13.

Hare has failed to show a disputed issue of fact with respect to the "intentional concealment" prong. Hare concedes he suffered a back injury and received treatment in 2006 and that he failed to disclose this history.[13] Hare argues only his back pain was "completely resolved" after his 2006 treatment. Regardless of whether his back pain was "completely resolved," Hare has failed to create a genuine issue of fact with respect to the "intentional concealment" prong. In connection with his employment application process, Hare was explicitly asked whether he had any prior back injuries or whether he had received treatment for any back issues. Hare intentionally answered in the negative. The questions contained in the Report and the Questionnaire did not ask him to disclose only those injuries with respect to which he still experienced pain. The Report and the Questionnaire asked Hare to disclose *all* prior back injuries and *all* prior treatments. Hare failed to do so. Gulf Graham has clearly established that Hare intentionally misrepresented or concealed his medical history before he was hired, and has clearly met the first prong of the *McCorpen* defense.

**B. Materiality**

The Court now moves to the second prong of the *McCorpen* defense - "materiality." "The fact that an employer asks a specific medical question on an application, and that question is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purposes of this analysis." *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 175 (5th Cir. 2005). However, if an employee can show that, even if undisclosed facts were material, he or she would have been hired

---

[13] R. Doc. 66-1, p. 1 (Affidavit of Jason Hare).

regardless, the employer is not entitled to the *McCorpen* defense to evade its maintenance and cure obligation. *See McCorpen*, 396 F.2d at 551-52. A triable issue of fact exists when it is unclear whether an employer's hiring decision would be affected by knowledge of a potential employee's previous injuries. *Jauch*, 470 F.3d at 212.

It is undisputed that Gulf Graham asked certain questions of Hare about his back in the employment application, and it is undisputed that those questions were reasonably related to Hare's ability to do the job for which he applied.[14] The fact that the questions were asked makes the answers material for *McCorpen* purposes. *Brown*, 410 F.3d at 175. Gulf Graham did not require Hare to get an MRI and there is no evidence Gulf Graham discovered Hare's back injury during his pre-employment physical. Hare did not offer any evidence indicating Gulf Graham would have hired him even if Gulf Graham had known of his back injury. Gulf Graham has met the second prong of the *McCorpen* defense. Hare has failed to create a genuine issue of fact with respect to the materiality of Hare's concealment of his medical history.

### C. The "Causal Connection" Prong

Finally, the Court turns to the third prong of the *McCorpen* defense - the "causal connection" prong. This prong requires an employer to establish a connection between the intentional misrepresentation of the pre-existing injury and the injuries that led to the claim for maintenance and cure benefits. In establishing the requisite causal relation, "there is no requirement that a present injury be identical to a previous injury. All that is required is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage." *Brown*, 410 F.3d at 176 (quoting *Quiming v. Int'l Pac. Enters., Ltd.*, 773 F. Supp. 230, 236 (D. Haw. 1990)). To establish this connection, it is sufficient

---

[14] R. Doc. 53-2, pp. 1-3.

8

to show that the previous injury and the new injury occurred in the same location on the body. *Id.* Indeed, "[t]he inquiry is simply whether the new injury is related to the old injury, irrespective of their root causes." *Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 728-29 (E.D. La. 2009) (internal citations omitted).

The back injury Hare suffered prior to his employment, the existence of which was intentionally withheld from Gulf Graham, is clearly related to the back injury Hare complains of in this case as both injuries occurred on the same location on his body.[15] Hare does not dispute this point. Given the obvious connection between the two injuries, it is clear that Gulf Graham has met the third prong of the *McCorpen* defense.

## CONCLUSION

Graham Gulf has carried its burden of showing it there are no material facts in dispute and it is entitled to judgment as a matter of law with respect to the *McCorpen* defense.

Accordingly, **IT IS ORDERED** that Graham Gulf's Motion for Partial Summary Judgment be and hereby is **GRANTED** and Hare's claims for maintenance and cure are **DISMISSED**.

**New Orleans, Louisiana, this 27th day of May, 2014.**

                                                */s/ Susie Morgan*
                                             **SUSIE MORGAN**
                                 **UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. 53-2, pp. 68-73. In fact, Hare's previous back injury was at the same spinal level as the injury giving rise to this suit.